CV 525 - 145

# GRAY v. CITY OF WAYCROSS & WARE COUNTY

## FEDERAL CIVIL RIGHTS & ADA RETALIATION CASE SUMMARY

A Disabled Veteran Sought ADA Access and Constitutional Protection—City and County Officials Responded with Retaliation, Abuse of Power, First Amendment Violations, and Due-Process Obstruction

*"Equal access to government is not a privilege — it is a civil right."*

**Prepared By Plaintiff:**
Glenn M. Gray
Disabled U.S. Army Veteran (Former Military Police 95B)
1304 Shawnee Drive
Waycross, Georgia 31501
Email: mparmycop@gmail.com
Phone: (603) 331-3721

# TABLE OF CONTENTS

| Section | Page |
|---|---|
| 1. Parties | 2 |
| 2. Case Snapshot | 4-5 |
| 3. Executive Summary | 6 |
| 4. Chronology of ADA Violations, Retaliation & Abuse of Authority | 7-9 |
| 5. Legal Basis & Constitutional Impact | 10-11 |
| 6. Conclusion | 12 |
| 7. Verification Statement and Signature | 13 |
| 8. Exhibit Section | 15- |

| Section | Page |
|---|---|

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**WAYCROSS DIVISION**

**Plaintiff -**

GLENN M. GRAY,                )

100% Disabled U.S. Army Veteran        )

)

)

v.              ) Civil Action No. _____

)

CV525-145

**Defendants -**

**CITY OF WAYCROSS and WARE COUNTY.**

**ULYSSES "DUKE" RAYFORD** City Manager (indiv. & off. cap.)

**CHESLYN GREEN** City Attorney (indiv. & off. cap   )

**HUEY SPEARMAN** Assistant City Attorney (indiv. & off. cap.)    )

**CHARLES D. BROWN** Magistrate Judge (indiv. & off. cap.)   )

and Jacqualine Powell **CITY CLERK,**              )

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS**

**UNDER 42 U.S.C. § 1983, ADA TITLE II & TITLE V,**

**FIRST AMENDMENT, AND FOURTEENTH AMENDMENT**

This page intentionally left blank

**CASE SNAPSHOT**

I am seeking representation to file a federal civil-rights action and secure injunctive and monetary relief.

---

**LEGAL BASIS**
- Violations of the Americans with Disabilities Act (ADA) – Title II (denial of access by public entities)
- ADA Title V – retaliation for asserting disability rights
- First Amendment retaliation for petitioning government and exposing misconduct
- Abuse of authority under color of law – 42 U.S.C. § 1983
- Fourteenth Amendment due-process interference (obstruction of access to evidence and courts)
- Monell liability – systemic policy failures by City of Waycross and Ware County

---

**PROTECTED ACTIVITY**
- Filed formal ADA accommodation request with the City of Waycross on Sept 8 2025 for equal access to ethics hearing and future public meetings (*See Exhibit A*).
- Submitted written ADA rebuttal on Sept 29 2025 after improper denial (*See Exhibit C*).
- Submitted multiple official notices of misconduct to city leaders through September and October 2025 (*See Exhibit E, Sub-Exhibits E-1 through E-9*).
- Filed ADA accommodation request with Ware County Magistrate Court on Nov 3 2025 for upcoming hearing; immediately denied verbally by Judge Charles D. Brown (*See Exhibit H*).
- This denial by Ware County Magistrate Judge Brown, under Ware County's oversight violated ADA Title II and enabled the City's retaliatory actions, creating joint liability between the City of Waycross and Ware County.
- Filed three Open Records Requests on Nov 3 2025 seeking documents related to the City Manager necessary for court defense (*See Exhibit I*).

---

**RETALIATION SUMMARY**
- City Attorney, not the ADA Coordinator, denied my request without following ADA procedure.
- City ignored ADA rebuttal and failed to initiate interactive process.
- City Manager filed a criminal-warrant application against me on Oct 27 2025, directly after weeks of protected activity (*See Exhibit G*).
- Magistrate Judge Brown denied ADA accommodations the same day I filed them, telling me "we don't do that here."
- City Clerk (supervised by the City Manager) delayed production of critical records until Nov 20 2025 — two days after my hearing date (*See Exhibit J*).

Glenn M. Gray U.S. Army Disabled Veteran | mparmycop@gmail.com | 603-331-3721

- Actions escalated from neglect → obstruction → retaliation → abuse of judicial process across both jurisdictions.

**HARM & DAMAGES**
- Denied ADA access to local government and court processes.
- Emotional distress, PTSD flare-ups, and physical deterioration caused by retaliation and denial of equal participation.
- Obstruction of evidence undermined ability to defend myself, violating due-process rights.
- Ongoing intimidation intended to chill civic participation by a disabled citizen.

**RELIEF SOUGHT**
- Injunctive relief halting all ongoing ADA violations and retaliation.
- Compensatory and punitive damages for emotional, physical, and constitutional harm.
- Accountability under federal civil-rights statutes for misuse of governmental power.
- Restoration of ADA-compliant access and transparency.
- Attorney's fees and litigation costs as permitted under 42 U.S.C. § 1988.

**EXECUTIVE SUMMARY**

I am a disabled U.S. Army veteran and resident of Waycross, Georgia, protected under the Americans with Disabilities Act. I request this Pro Se filing be submitted as a **federal civil-rights lawsuit** against the **City of Waycross** and **Ware County Magistrate Court** for coordinated violations of my rights under the ADA, the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

In good faith, I exercised my right to participate in government by filing an ethics complaint against a city commissioner and by requesting reasonable accommodations to safely and meaningfully take part in those proceedings. Instead of following federal law, city officials dismissed my ADA request, failed to engage an ADA Coordinator, and retaliated through silence, obstruction, and ultimately a criminal-warrant application intended to punish protected activity.

The retaliation then expanded into the **county judicial system.** On Nov 3 2025 — the same day I submitted ADA requests and Open Records Requests — Magistrate Judge Charles D. Brown personally and verbally denied accommodations, stating the court "does not do that." This statement and refusal, made by a sitting judicial officer of Ware County, further violated ADA Title II and the constitutional guarantee of due process.

When the City Clerk, who reports to the City Manager, informed me that critical records would not be released until **two days after my hearing**, the obstruction became complete. Together, these actions from both municipal and county officials demonstrate a **continuing pattern of retaliation** across jurisdictions, designed to silence a disabled citizen, obstruct federal rights, and deter accountability.

## CHRONOLOGY OF ADA VIOLATIONS, RETALIATION & ABUSE OF AUTHORITY

*(City of Waycross & Ware County Magistrate Court)*

---

**September 8, 2025**
**Protected Activity:** Submitted a formal ADA Accommodation Request (*see Exhibit A*) to the City of Waycross for the pending Ethics Hearing and all future City Commission participation. The request outlined my documented disabilities and reasonable accommodations to ensure safe and equal participation under Title II of the ADA. The filing explicitly warned that retaliation or intimidation for exercising ADA rights would constitute a federal violation.
**Retaliatory/Improper Response:** The City failed to respond for sixteen (16) days. There was no ADA Coordinator contact, no interactive process initiated, and no temporary accommodation provided. This silence demonstrated deliberate indifference and a direct violation of 28 C.F.R. § 35.107.

---

**They Were Formally Warned Against Retaliation — They Retaliated Anyway:**
"Under Title V of the ADA, retaliation or intimidation... will be treated as a violation of federal law" **(see Exhibit A)**
— quoted directly from my ADA request (September 8, 2025)

---

**September 24, 2025**
**Protected Activity:** The City was on formal notice of my ADA rights, disabilities, and anti-retaliation protections (*see Exhibit A*).
**Retaliatory/Improper Response:** The City Attorney—not the ADA Coordinator—issued a written denial (*see Exhibit B*), bypassing required federal ADA procedures. The letter imposed restrictive conditions, failed to offer reasonable alternatives, and was issued under color of law outside her authority. This represented a procedural and substantive ADA violation under 28 C.F.R. § 35.107.

---

**September 29, 2025**
**Protected Activity:** Submitted a written ADA rebuttal (*see Exhibit C*), citing ADA law and requesting formal involvement from the ADA Coordinator. The rebuttal reaffirmed my medical needs, clarified the legal requirements for compliance, and requested written assurance against retaliation. USPS records confirm mailing on October 2, 2025 (**see Exhibit D**).
**Retaliatory/Improper Response:** The City ignored the rebuttal entirely. No acknowledgement, corrective action, or ADA-compliant follow-up occurred. This demonstrated deliberate indifference to federal law and continuing violation of ADA Title II and Title V.

Glenn M. Gray U.S. Army Disabled Veteran | mparmycop@gmail.com | 603-331-3721

**September–October 2025 (Ongoing)**
**Protected Activity:** Sent several documented reports of misconduct and official notifications (**see Exhibit E, Sub-Exhibits E-1 through E-9**) to City leadership detailing criminal allegations, conflicts of interest, misuse of authority, and procedural noncompliance with ADA law. These communications were protected under the First Amendment as lawful petitioning of government for redress.
**Retaliatory/Improper Response:** City officials ignored all communications. No action was taken to investigate, correct, or mitigate retaliation. This collective inaction reflects institutional awareness of my protected activity and deliberate coordination to silence or discourage further reporting.

**October 27, 2025**
**Protected Activity:** On this date, at 08:11 A.M., I emailed City Attorney Green a formal correspondence titled *"Formal Notice – Verified Misconduct by City Manager Rayford / Failure of Legal Duty by City Attorney."* (**See Exhibit F**). The email provided verified evidence of misconduct and invoked my legal right to report government wrongdoing.
**Retaliatory/Improper Response:** Just forty-nine (49) minutes later, at 09:00 A.M., City Manager Rayford filed an **Application for Criminal Warrant** against me in Ware County Magistrate Court (**see Exhibit G**). The close timing demonstrates direct retaliation for protected ADA and whistleblower activity. This act weaponized the judicial system to intimidate and punish a disabled citizen for engaging in protected conduct.

**November 3, 2025 – ADA Request (Ware County Magistrate Court)**
**Protected Activity:** Submitted a written ADA Accommodation Request (**see Exhibit H**) to the Ware County Magistrate Court prior to the scheduled hearing arising from the City Manager's warrant application. The request included supporting documentation and cited the County's legal obligations under ADA Title II.
**Retaliatory/Improper Response:** Magistrate Judge **Charles D. Brown** personally denied my ADA request in person, stating, *"We don't do that here."* The denial occurred without review, without referral to an ADA Coordinator, and without any interactive process. This response constitutes willful ADA noncompliance, retaliation under Title V, and abuse of authority under color of law by a judicial officer.

**November 3, 2025 – Open Records Requests (City of Waycross)**
**Protected Activity:** Filed three Open Records Requests (**see Exhibit I**) seeking records directly tied to the City Manager's actions—critical to preparing my legal defense. These requests were made lawfully under Georgia's Open Records Act and were directly related to the City's retaliatory warrant application.
**Retaliatory/Improper Response:** The City Clerk, who reports directly to the City Manager,

failed to produce the requested records within the legally mandated timeframe. The delay obstructed my access to exculpatory evidence and compounded the City's ongoing retaliation.

**November 6, 2025 – Retaliatory Withholding of Evidence**
**Retaliatory/Improper Response:** The City Clerk formally notified me that the requested records would not be available until **November 20, 2025**—two days after my scheduled hearing on **November 18, 2025 (see Exhibit J).** This intentional delay denied me the ability to prepare a defense and constituted a deliberate interference with due process. The City's obstruction has directly worsened my PTSD and physical health, causing severe anxiety, pain, and distress. This harm remains ongoing.

**Legal Significance of Timeline**

- Retaliation escalated only after I exercised ADA and First Amendment rights.
- The City and County had actual notice of anti-retaliation requirements and violated them knowingly.
- Filing a criminal warrant and denying ADA accommodations in court demonstrate misuse of power under color of law.
- The withholding of evidence obstructed due process and denied equal access to justice.
- These actions created a chilling effect designed to silence a disabled citizen and discourage civic participation.
- The combined conduct supports claims under **ADA Title II, ADA Title V, First Amendment retaliation, 42 U.S.C. § 1983,** and **Monell liability** for systemic civil-rights violations.

## LEGAL BASIS & CONSTITUTIONAL IMPACT

*(City of Waycross & Ware County Magistrate Court)*

### I. Violations of the Americans with Disabilities Act (ADA) – Title II

Both the **City of Waycross** and **Ware County Magistrate Court** are public entities subject to the mandates of **Title II of the Americans with Disabilities Act**, codified at **42 U.S.C. §§ 12131–12134** and implemented by **28 C.F.R. Part 35**.

Each failed to ensure nondiscrimination in programs, services, and activities, including civic participation, ethics proceedings, and court access. Both entities ignored mandatory procedures requiring:

- Designation of an ADA Coordinator.
- Engagement in an interactive process upon receipt of a disability-related request; and
- Provision of reasonable modifications to ensure equal participation.

The City's failure to route my ADA request to its designated Coordinator and the Magistrate Court's outright verbal denial ("We don't do that here") constitute **direct violations of Title II** and demonstrate **deliberate indifference** to federal law.

### II. Retaliation & Interference – ADA Title V

Under **42 U.S.C. § 12203(a)**, retaliation against an individual who exercises rights under the ADA constitutes an independent violation of federal law.

The retaliation began immediately after I asserted my ADA rights:

- The City Attorney denied accommodation while actively involved in a related ethics matter.
- The City Manager filed a criminal warrant within forty-nine minutes of receiving a misconduct notice.
- The Magistrate Court denied accommodation without review.
- The City Clerk withheld public records until after my court date.

These actions form a continuous retaliatory chain intended to chill protected activity, punish ADA assertion, and obstruct equal access to justice. The **close temporal proximity** between my protected activity and each retaliatory act strongly supports a **prima facie case for retaliation under Title V.**

### III. First Amendment Retaliation

The First Amendment guarantees the right "to petition the Government for a redress of grievances." My notifications of criminal misconduct, ethics complaint, misconduct notifications, ADA filings, and open-records requests all constitute **protected speech and petitioning activity**.

Instead of addressing those concerns, City and County officials responded with:

- Criminal process misuse (warrant application).
- Speech suppression through selective "decorum" restrictions.
- Denial of ADA access during public participation; and
- Withholding of records essential for my defense.

Such actions represent **retaliation under color of law** for constitutionally protected expression and civic participation, in violation of **42 U.S.C. § 1983**.

---

### IV. Fourteenth Amendment – Denial of Due Process

The Due Process Clause prohibits the government from depriving any person of liberty or property without due process of law. By withholding public records until after my court date and denying ADA accommodation, the City and County deprived me of the ability to:

- Access evidence necessary for my defense.
- Participate meaningfully in public proceedings; and
- Receive equal treatment under the law as a person with disabilities.

This conduct constitutes **procedural due-process deprivation** and **retaliatory misuse of government authority**, actionable under **42 U.S.C. § 1983**.

---

### V. Abuse of Authority Under Color of Law – 42 U.S.C. § 1983

Both jurisdictions acted **under color of law** when carrying out retaliatory decisions.

- The **City Manager** weaponized the criminal process against a citizen exercising protected activity.
- The **City Attorney** used her official position to obstruct ADA access.
- The **Magistrate Judge** denied accommodations in violation of clear federal mandates.
  These acts meet the definition of abuse of power under color of law, creating liability under **§ 1983** for civil-rights violations.

## VI. Municipal & Supervisory Liability – Monell Standard

Under **Monell v. Department of Social Services, 436 U.S. 658 (1978)**, a municipality or county can be held liable when a constitutional violation results from an official policy, custom, or deliberate indifference.

Evidence suggests both entities engaged in systemic failures and coordinated responses reflecting:

- A policy or custom of disregarding ADA obligations.
- Failure to train or supervise personnel regarding ADA compliance; and
- Institutional tolerance of retaliation against citizens who challenge authority.

These factors establish grounds for **Monell liability** against both the City of Waycross and Ware County. Ware County, through its Magistrate Court, similarly maintained policies of ADA disregard and judicial obstruction, as evidenced by Judge Brown's denial without process.

## VII. Ongoing Harm & Continuing Violation Doctrine

The retaliation and access barriers remain ongoing. Under the **continuing violation doctrine**, each denial and obstruction constitutes part of a single, continuous pattern extending into the present.

The harm is not speculative — it is measurable and documented:

- Worsened PTSD symptoms, anxiety, and physical health decline.
- Impaired ability to prepare for legal proceedings or participate in civic processes.
- Loss of trust and chilling effect within the community for other disabled or outspoken citizens.

Because these harms continue, this matter remains subject to **federal jurisdiction and equitable relief.**

**CONCLUSION**

The facts and evidence outlined in this summary establish a **clear, continuing pattern of retaliation, discrimination, and abuse of authority** by both the **City of Waycross** and the **Ware County Magistrate Court**. Each entity, acting under color of law, knowingly violated my federally protected rights under the **Americans with Disabilities Act (ADA)**, the **First and Fourteenth Amendments to the United States Constitution**, and **42 U.S.C. § 1983**.

What began as a straightforward request for reasonable accommodation under the ADA evolved into a deliberate campaign of retaliation, obstruction, and intimidation designed to silence and punish a disabled citizen for demanding lawful access and government accountability. The sequence of events — from ignored requests and improper denials to weaponized judicial filings and withheld records — demonstrates not isolated misconduct, but a **systemic misuse of power** across jurisdictions.

These actions deprived me of:

- Equal access to government participation guaranteed by **ADA Title II**.
- Freedom from retaliation protected by **ADA Title V**.
- The right to petition government and speak freely under the **First Amendment**; and
- Fundamental due process and equal protection under the **Fourteenth Amendment**.

Each act of retaliation compounded the harm of the last, resulting in both tangible and emotional injury — including deterioration of mental and physical health directly linked to the City and County's conduct. The cumulative impact has been devastating, not only personally, but in its message to others: that asserting one's rights can lead to punishment rather than protection.

I am therefore seeking **legal representation** to file a **federal civil rights and ADA retaliation action** to:

1. Obtain injunctive and declaratory relief ensuring compliance with federal disability law.
2. Seek compensatory and punitive damages for the harm suffered; and
3. Hold accountable those officials and entities who violated their oaths and federal obligations, including the City of Waycross, Ware County, and their representatives.

This case is not only about one citizen — it is about protecting the rights of **every person with a disability** to access and participate in their government without fear of retaliation, discrimination, or abuse of authority. Equal access is not a privilege; it is a **civil right** guaranteed by law and enforceable under the Constitution of the United States.

**VERIFICATION STATEMENT**

I, Glenn M. Gray, hereby affirm that the information contained in this Civil Rights & ADA Retaliation Case Summary is true and correct to the best of my knowledge, information, and belief. All referenced exhibits, records, and communications cited herein are accurate copies of original documents in my possession and are available upon request for verification or submission to appropriate authorities.

I certify that this document is submitted in good faith for the purpose of seeking legal representation and enforcement of federal civil rights and protections guaranteed under the Americans with Disabilities Act and the United States Constitution.

Respectfully submitted,

*Glenn M. Gray*
Glenn M. Gray
Disabled U.S. Army Veteran
Waycross, Georgia
mparmycop@gmail.com
(603) 331-3721
Date: 11-12-2025

## EXHIBIT SECTION

The following exhibits are incorporated by reference into this Civil Rights and ADA Retaliation Complaint. Each exhibit supports the chronology, factual allegations, and claims of retaliation, discrimination, and due-process obstruction. All exhibits are preserved in both physical and digital format and are available upon request to authorized investigators, legal counsel, or the court.

Each exhibit is identified by letter and, where applicable, by sub-exhibit number.

## EXHIBIT INDEX

*(All Exhibits Available Upon Request)*

| Exhibit | Title / Description | Date | Relevance |
|---|---|---|---|
| A | Formal ADA Accommodation Demand – Ethics Complaint Proceedings & City Commission Participation | Sept 8 2025 | Initiates protected ADA activity; details disabilities and requests reasonable accommodations under Title II. |
| B | ADA Denial by City Attorney Green | Sept 24 2025 | Improper denial issued by non-ADA Coordinator; no interactive process; violates 28 C.F.R. § 35.107. |
| C | ADA Rebuttal to Green's Denial | Sept 29 2025 | Formal rebuttal demanding ADA Coordinator involvement; reasserts rights and anti-retaliation protections. |
| D | USPS Certified Mailing Receipt for ADA Rebuttal | Oct 2 2025 | Verifies mailing date and confirms timeline accuracy; evidence of continued good-faith engagement. |
| E | Protected Communications – Official Notifications of Misconduct (Sub-Exhibits E-1 through E-9) | Sept–Oct 2025 | Series of protected petitioning and whistle-blower communications documenting misconduct, ADA failures, and conflicts. *(See detailed sub-index immediately below.)* |
| F | Email to City Attorney Green – "Formal Notice – Verified Misconduct by City Manager Rayford / Failure of Legal Duty by City Attorney" | Oct 27, 2025 (08:11 A.M.) | Protected communication sent 49 minutes before retaliatory warrant filing; establishes direct causation. |
| G | Application for Criminal Warrant Filed by City Manager Rayford | Oct 27, 2025 | Demonstrates retaliatory use of judicial process immediately following protected activity. |

Glenn M. Gray U.S. Army Disabled Veteran | mparmycop@gmail.com | 603-331-3721

Case 5:25-cv-00145-LGW-BWC   Document 1   Filed 11/12/25   Page 17 of 18

17

| Exhibit | Title / Description | Date | Relevance |
|---|---|---|---|
| | | (09:00 A.M.) | |
| H | Court-Stamped ADA Accommodation Demand for Magistrate Court Proceedings | Nov 3 2025 | ADA Title II request to the court; denied by Magistrate Judge Charles D. Brown, showing county-level non-compliance. |
| I | Three Open Records Requests to City Clerk Powell (Concerning City Manager Rayford) | Nov 3 2025 | Protected attempt to obtain records for court defense; key to due-process and access-to-evidence violations. |
| J | City Clerk's Email Delaying Record Release Until After Court Hearing | Nov 6 2025 | Confirms records withheld until Nov 20 — two days after Nov 18 hearing; proof of due-process obstruction and retaliation. |

## EXHIBIT E – SUB-INDEX

Protected Communications – Official Notifications of Misconduct

*(Includes Sub-Exhibits E-1 through E-9)*

| Sub-Exhibit | Subject / Title | Date | Recipients | Purpose / Summary |
|---|---|---|---|---|
| E-1 | Commissioner Alvin Nelson's False GBI Claims | Sept 10 2025 | City Manager Rayford | Reports false GBI references made by Commissioner Nelson; requests corrective action and clarification. |
| E-2 | Complaint – City Manager Rayford's Breach of Public Trust & Possible Criminal Conduct | Sept 10 2025 | Mayor James; All Commissioners; City Attorney Green | Comprehensive complaint outlining potential misconduct and misuse of authority by City Manager Rayford. |
| E-3 | Demand for Legal Basis of Open Records Act Violations | Sept 11 2025 | Mayor James; All Commissioners (leadership only) | Requests statutory explanation for the City's non-compliance with Georgia Open Records Act; reinforces transparency rights. |
| E-4 | Notification – Ethics Complaint Filed on Sept 8 2024 | Sept 14 2025 | Mayor James; All Commissioners; City Attorney Green | Notifies leadership of ethics filing; reminds them of duties under City Ethics Ordinance. |

| Sub-Exhibit | Subject / Title | Date | Recipients | Purpose / Summary |
|---|---|---|---|---|
| E-5 | Official Notification of Misconduct – City Manager Ulysses D. Rayford | Sept 15 2025 | Mayor James; All Commissioners; City Attorney Green (excluding Rayford) | Details verified misconduct and requests immediate corrective review. |
| E-6 | Formal Demand for Professional Accountability & Immediate Apology | Oct 20 2025 | Mayor James; All Commissioners; City Manager Rayford; City Attorney Green | Demands formal apology for public disrespect and verbal misconduct by Rayford during that night's Commission Meeting; seeks corrective action and professional accountability. |
| E-7 | Inquiry – Legal Authority to Dismiss Criminal Allegation Against City Clerk | Oct 22 2025 | Mayor James; All Commissioners; City Attorney Green; City Clerk Jacqueline Powell | Challenges Rayford's authority to dismiss a criminal allegation against his subordinate Clerk Powell; raises conflict-of-interest and abuse-of-power concerns. |
| E-8 | Conflict of Interest – Attorney Huey Spearman | Oct 24 2025 | City Attorney Green (only) | Reports professional conflict and dual-representation issues involving Acting City Attorney Spearman. |
| E-9 | Ethics Complaint – Commissioner Alvin Nelson (Filed) | Sept 8 2025 | City Clerk (J. Powell) for Ethics Board filing | Formal ethics complaint later dismissed improperly; evidence of retaliatory process interference. |