*— Exhibit A*

Glenn M. Gray
1304 Shawnee Dr.
Waycross, GA 31501
Email: mparmycop@gmail.com
Phone: (603) 331-3721

September 8, 2025

Jacqueline Powell
City Clerk
City of Waycross
417 Pendleton St.
Waycross, GA 31501

## Formal ADA Accommodation Demand – Ethics Complaint Proceedings and City Commission Participation

Dear Ms. Powell,

Pursuant to the **Americans with Disabilities Act (ADA), Title II, Section 504 of the Rehabilitation Act of 1973**, and related federal protections, I hereby submit this **formal and comprehensive demand** for reasonable accommodations. This demand applies both to the **pending ethics complaint I have filed against Commissioner Alvin Nelson** and to **any and all future City Commission meetings** in which I may choose to participate.

As a veteran and citizen with documented disabilities—including **Post-Traumatic Stress Disorder (PTSD), essential tremors, and severe, well-documented gastrointestinal conditions (Crohn's disease, gastroparesis, and dumping syndrome)**—I am legally entitled to accommodations that guarantee my full and equal participation, ensure due process, and protect me from discrimination.

### Requested Accommodations

To ensure I can meaningfully participate without prejudice or disadvantage, I require the following accommodations to be implemented immediately:

1. **Breaks on Demand** – Ability to call for a break at any time during proceedings or meetings, without penalty, prejudice, or negative inference. Applies to PTSD triggers and medical necessity (Crohn's disease, gastroparesis, dumping syndrome).

2. **Pause and Reset Allowance** – Permission to pause briefly, up to two minutes, if tremors, fatigue, or PTSD symptoms impair my ability to respond.

3. **Interruption-Free Speaking with PTSD Consideration** – I must be permitted to speak without interruption, so long as I remain within the guidelines of decorum. Commissioners, staff, or counsel must refrain from dismissive gestures, ridicule, or commentary. Special consideration must be given if I

experience a PTSD-related outbreak, which must be treated as a medical event requiring accommodation, not as misconduct.

4. **Medical Necessity Access** – The right to step away for restroom access, symptom management, or sudden medical needs tied to my gastrointestinal conditions.

5. **Right to Clarification** – Ability to request clarification of questions or procedures without being rushed, pressured, or penalized.

6. **Written Supplements** – Ability to submit written clarifications, corrections, or supplemental statements after proceedings if my conditions impair real-time response.

7. **Trigger Safeguards** – Strict limits on irrelevant or defamatory claims. Smear campaigns, slander, and false allegations that trigger PTSD must not contaminate proceedings. This protection covers any and all derogatory or slanderous comments made by City personnel or by members associated with a City of Waycross entity, whether made inside or outside formal proceedings.

8. **Equal Platform Protections** – Assurance that I am granted the same respect, time, and opportunity to speak as commissioners, staff, or attorneys.

9. **Audio/Video Record Protections** – All recordings must reflect my full remarks without deletion. Copies of recordings/transcripts must be provided within five (5) business days.

10. **ADA Coordinator Involvement** – Identify the City's ADA Coordinator by name and contact information, and require their direct involvement. Failure to have one is itself a violation.

11. **Independent Oversight** – Disputes regarding accommodations must go to a neutral ADA specialist, not City officials with conflicts of interest.

12. **Points of Order Restriction and Documentation** – Points of order must be based solely on established law, rule, or guideline—not because my remarks are uncomfortable. If invoked, I must be provided the specific law, ordinance, rule, or statute in writing within five (5) business days, issued directly by the individual who called the point of order.

## Retaliation Protections

Under **Title V of the ADA**, retaliation or intimidation against any individual seeking to enforce their disability rights is prohibited. Any attempt to retaliate against me—whether through denial of access, smear campaigns, or procedural manipulation—will be treated as a **separate and independent violation of federal law.**

## Legal Authority

The **U.S. Department of Justice** requires public entities to modify policies, practices, and procedures to avoid discrimination against individuals with disabilities. Failure to provide accommodations places the **City of Waycross** in violation of federal law and undermines the legality of its proceedings.

## Purpose and Expectations

I am not requesting special treatment—I am demanding a **fair and lawful opportunity** to participate. My PTSD, tremors, and severe gastrointestinal issues are well-documented and protected conditions. This demand ensures that my rights are respected, smear campaigns do not aggravate my PTSD, and that proceedings are transparent and lawful.

## Effective Immediately

I require written confirmation that these accommodations will be honored for both the ethics complaint against Commissioner Alvin Nelson and all future City Commission meetings I attend. These protections take effect immediately upon this filing.

Acknowledgment of this request must be provided to me in writing within one (1) business day of receipt.

Any **denial of this request, in whole or in part**, must be provided to me in writing within five (5) business days of submission, and must include the **specific law, ordinance, rule, or policy provision** relied upon to determine the denial. In addition, the City's designated **ADA Compliance Officer must personally explain the basis for the denial to me in person** within the same five (5) business day period.

Failure to comply with the timelines established in this request—including acknowledgment, production of records, and written justifications—will be treated as a denial of accommodations and a violation of federal law. Failure to comply will result in formal complaints to the Georgia ADA Coordinator's Office, escalation to the U.S. Department of Justice Civil Rights Division, and/or civil rights litigation in federal court.

Respectfully submitted,

Glenn M. Gray

*Exhibit B*

# Waycross

Opportunity in every direction.

*Office of the City Attorney*

September 24, 2025

Mr. Glenn "Martin" Gray
1304 Shawnee Drive
Waycross, Georgia 31501

Re:     **Formal ADA Accommodation Demand – Ethics Complaint Proceedings
        and City Commission Participation**

Dear Mr. Gray:

The City of Waycross is committed to providing reasonable accommodations to you in order that you may have full and equal participation in all City Meetings the same as all other Citizens who wish to participate, under the Americans with Disability Act (ADA) and Title II, Section 504 of the Rehabilitation Act of 1973. Your requested Accommodations are generic and broad in nature, and do not seem to be related to any past, present or future meetings or events at the City of Waycross where you were discriminated against or anticipated being discriminated against on account of your disability(ies). In other words, the City of Waycross has never received a Complaint from you that you were not allowed to have full and equal participation in City Meetings and events despite your presence at such meetings and events. For example, within the last twelve (12) months you were chosen to serve on the Board of Ethics regarding the Case of <u>Clayton Nelson v. Katrina Felder</u>, Case No. 2024-001, attending the Board Training Sessions, participated in several Board investigation meetings, conducted discovery to obtain documents and participated in the Board Hearings, and never requested any specific accommodations from the City of Waycross. We realize, however, <u>that does not mean that your circumstances could have changed prompting you to now anticipate the need for special accommodations going forward,</u> but you have not ever articulated a specific event or time when you felt discriminated against, or was not allowed to fully participate in City Government proceedings.

Please accept this letter as written confirmation that you will receive whatever reasonable accommodations are necessary in order for you to fully participate in future City Meetings. Pursuant to the City of Waycross Code of Ordinances, Section 2-67 - Public Comment in Meetings of the Commission, you must register to speak in advance of the regular meeting to speak on a topic that is on the agenda for official action, and will be allowed five (5) minutes. Under Section 2-67(b), you may appear at a work session and speak on any topic and are allowed three (3) minutes, provided you sign up before the meeting starts. If you need any special accommodations in order to comply with these rules, please let the City Manager or City Clerk know as much time in advance of the meeting as possible. You must also observe the rules of decorum outlined in



Opportunity in every direction.

Office of the City Attorney

Mr. Glenn "Martin" Gray
Re:    Formal ADA Accommodation Demand – Ethics Complaint Proceedings
and City Commission Participation
September 24, 2025
Page 2

Section 2-66 with respect how you must address the Mayor and Commission in a respectful manner, and avoid vulgar, obscene and profane language, personal comments and political comments, among other requirements for how to address the Mayor and Commission.

In addition, please advise the City Manager or City Clerk of any physical accommodations you may need or require in order to fully participate in any City Meetings sufficiently in advance of the anticipated meeting you expect to attend so that your requests may be promptly acted upon.

Sincerely,

Cheslyn M. Green
City Attorney,
City of Waycross, Georgia

CMG:

*Exhibit C*

Glenn "Martin" Gray
1304 Shawnee Drive
Waycross, GA 31501
Email: mparmycop@gmail.com
Phone: (603) 331-3721

September 29, 2025

Ms. Cheslyn M. Green
City Attorney
City of Waycross
417 Pendleton Street
Waycross, GA 31501

Re: Rebuttal to Denial of ADA Accommodation Request – Procedural Violations, Ethics Overreach, Retaliation, and Pending Federal/State Complaints

Dear Ms. Green:

Your September 24, 2025 denial of my ADA request is procedurally invalid, legally indefensible, and only confirms a broader pattern of misconduct. This rebuttal is not opinion — it is fact. You exceeded your authority, ignored federal and state law, and placed both yourself and the City of Waycross in direct violation of ADA Title II, Section 504 of the Rehabilitation Act, Georgia ADA law, and the City's own ordinances.

1. Mischaracterization of My Participation

You claimed my past attendance at Commission meetings proves I don't need accommodations. The record says otherwise. I have attended no more than 4–5 meetings in three years. I have never completed one. Every single time I left early due to uncontrollable symptoms. During Ethics Case 2024-001, I was forced to resign once my health deteriorated.

That does not mean I don't need accommodations — it proves that I do. Under 28 C.F.R. § 35.130(b)(7), accommodations are required where barriers exist. ADA compliance is based on medical documentation and current circumstances, not a City Attorney pretending to play doctor. You are not a physician, and you have no authority to declare when my symptoms are "valid."

2. Hostile Environment and Retaliation After Ethics Case 2024-001

The escalation of hostility traces directly back to my resignation from Ethics Case 2024-001. I did not resign simply because I wanted to, or because of my health alone. I resigned because my symptoms worsened as I observed what I reasonably believe to be illegal activity committed by members of the Ethics Board and City leadership, including City Manager Rayford.

The stress of witnessing this unlawful conduct directly intensified my medical conditions — both my PTSD and my severe gastrointestinal disorders — to the point that resignation became unavoidable. The seriousness of what I observed is reflected in the fact that I filed multiple criminal complaints with the Ware County Sheriff's Office. Those complaints were forwarded to the Georgia Bureau of Investigation's Douglas office for review. These are not hypotheticals — they are now active criminal matters in the hands of state investigators.

The truth is that every time I prepared for a City meeting or Ethics Board proceeding, I had to put my body through a regimen just to survive it. I would not eat anything after dinner the night before, and I would not eat again until after I made it home from the meeting. My liquid intake on the day of any meeting was kept to a bare minimum. These were not lifestyle choices — they were survival strategies, desperate measures to keep my symptoms at bay long enough to sit in the room.

That is why it is deeply offensive and legally reckless for you to dismiss my request for accommodations by pointing to my past attendance. You knew nothing about the sacrifices I had to make to even walk through the door, and yet you substituted your own opinion for medical fact. Worse, it is clear your "assessment" did not come from any medical provider or ADA coordinator, but from political guidance — from Mr. Spearman or City leadership — who are more concerned with protecting themselves than respecting the law.

By relying on their direction instead of following the ADA, you have taken their liability and made it your own. The record will show that your denial was not an independent legal judgment — it was an act of shielding City leadership. That makes you personally responsible for the consequences, and it places you in the very legal jeopardy they are trying to avoid.

After my resignation and filings, the retaliation began:

- City Manager Rayford publicly branded me "racist" and "dishonest."

- Commissioner Nelson spread an AI-generated image mocking my disability.

- Patrick Simmons, Assistant Clerk Nixon, and Clerk Powell participated in or condoned the ridicule.

These baseless and unsubstantiated attacks are not just slanderous — they directly worsen my disabilities. The hostility and lies have intensified my PTSD symptoms and aggravated my stomach conditions, making it physically and mentally impossible for me to participate in City proceedings without accommodations. This is precisely why the ADA requires reasonable modifications.

This was not coincidence. This was retaliation tied directly to my resignation and my decision to report criminal conduct. Retaliation against a disabled veteran for exercising protected rights is forbidden

under Title V of the ADA (42 U.S.C. § 12203) and Georgia law (OCGA § 30-3-3).

## 3. ADA Process Violations

The City is out of compliance with 28 C.F.R. § 35.107, which requires a designated ADA Coordinator and a published grievance process. None exist. The City's website shows no ADA Coordinator, no grievance procedure, no contact information. Instead, you — without designation, without authority, without process — issued a denial.

If you claim to be the ADA Coordinator, produce proof of designation and where it was publicly posted. If you are not, then your denial is void from the start. Either way, the City is in violation of federal law.

## 4. Ethics Complaint Overreach and Evidence of Misconduct

On September 8, 2025, I filed an ethics complaint against Commissioner Alvin Nelson. Instead of following the City Code of Ordinances, Sec. 2-167 — which requires an Ethics Board to be convened within 15 days — you unilaterally dismissed it. The City Attorney's role is strictly advisory. You had no authority to block the complaint, no authority to declare it "not ripe," and no authority to shield a sitting commissioner from review.

Your September 16, 2025 denial letter to me, which memorializes this overreach in writing, is now evidence. I have submitted that letter as supporting documentation to my complaints filed with the United States Department of Justice, Civil Rights Division, the American Bar Association, and the Georgia Bar. It shows you usurped the Ethics Board's authority, directly contradicted City ordinance, and tainted the very process you are only empowered to advise.

This was not a procedural misunderstanding — it was a deliberate abuse of authority. By shutting down my complaint, you deprived me of due process, silenced a citizen's right to seek accountability, and protected a commissioner accused of false testimony. These actions constitute misconduct under the City Code, conflict of interest and prejudice under Rule 4-102(d) of the Georgia Rules of Professional Conduct, and further expose the City to liability under 42 U.S.C. § 1983.

The act of protecting City leadership has become a clear pattern of misconduct on your part. First, in the dismissal of my ethics complaint, and now again in the dismissal of my ADA accommodation demand letter. In both instances, you have unlawfully and unethically overstepped your authority. That pattern demonstrates not only poor judgment but a dangerous misuse of your office — one that exposes both yourself and the City to escalating liability.

## 5. Federal Funding and Liability Exposure

The aforementioned complaint submitted on September 20, 2025, provided documented proof of multiple violations, including:

- The absence of an ADA Coordinator.

- The absence of a grievance process.

- The unlawful discussion of my ethics case in a Commission meeting without agenda or notice (in violation of O.C.G.A. § 50-14-1).

- Retaliation for asserting ADA rights.


These are not "minor oversights." They put the City's federal funding at risk. Non-compliance with ADA Title II and Section 504 is grounds for suspension or clawback of ARPA, FEMA, and other federally sourced funds.


And beyond funding, you and others face personal exposure. Under 42 U.S.C. § 1983, officials who knowingly violate clearly established federal law may be sued individually. ADA Title II obligations are not new — they are settled law. Qualified immunity does not shield deliberate violations.


Formal Demands (10 Business Days)

1. Written identification of the City's ADA Coordinator with proof of public posting.

2. Confirmation that all ADA requests will be processed exclusively by the Coordinator.

3. Written approval of the accommodations in my September 8, 2025 request:

- Breaks on demand.

- Pause/reset allowances for symptoms.

- Protected, uninterrupted speaking time with PTSD considerations.

4. Immediate vacatur of your dismissal of my ethics complaint and convening of an Ethics Board as required by Sec. 2-167.

5. Written assurance that these accommodations will be enforced at all future City proceedings, by both the presiding officer and the ADA Coordinator.


Notice of Referral

The aforementioned complaints filed on September 20, 2025, with the United States Department of Justice Civil Rights Division, the American Bar Association, and the Georgia State Bar were based on

your unlawful dismissal of my ethics complaint — a dismissal you personally issued, signed, and put into writing without the authority to do so. That act knowingly violated City ordinance and was carried out without my ADA accommodation request ever being addressed.

Your September 24 ADA denial letter and this rebuttal will now be forwarded to those same agencies as additional evidence in the already pending complaints. Collectively, these documents demonstrate a clear and continuing pattern of unlawful and unethical conduct orchestrated by you. First, in your knowing ordinance violation when you unilaterally dismissed my ethics complaint without authority and failed to address my ADA accommodations, and now again in your direct denial of my ADA rights. Because these actions were authored and signed by you on official City letterhead, they not only place personal liability upon you but also create substantial legal and financial exposure for the City of Waycross.

In short: Your denial was not a mistake — it was an abuse of authority. It violated federal and state law, trampled due process, and crossed ethical boundaries. You have placed the City at risk of federal investigation, ABA and Bar discipline, funding loss, and civil liability. The only option left is immediate compliance.

Respectfully,

Glenn "Martin" Gray

Disabled Veteran / Citizen of Waycross, GA

*Exhibit D*



**UNITED STATES POSTAL SERVICE.**

WAYCROSS
601 TEBEAU ST FL 1
WAYCROSS, GA 31501-9998
www.usps.com

10/02/2025                    09:19 AM

TRACKING NUMBERS
9505 5104 2997 5275 0787 27

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

*Green Rebuttal*



TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---------|-----|-----------|-------|
| Priority Mail® Window FR Env | 1 | | $11.00 |
| Waycross, GA 31501 | | | |
| Flat Rate | | | |
| Expected Delivery Date | | | |
| Mon 10/06/2025 | | | |
| Tracking #: | | | |
| 9505 5104 2997 5275 0787 27 | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Total | | | $11.00 |

Grand Total:                  $11.00

— Exhibit E — E-1

Gmail

Glenn Gray <mparmycop@gmail.com>

## Commissioner Alvin Nelson's False GBI Claims

**Glenn Gray** <mparmycop@gmail.com>
To: Ulysses Rayford <urayford@waycrossga.gov>

Tue, Sep 2, 2025 at 8:47 AM

Mr. Rayford,

This email is my **official notification** of misconduct by Commissioner Alvin Nelson and the collective failure of City Hall—including you, the City Attorney, the Mayor, and the Commission—to address it.

Nelson claimed the Georgia Bureau of Investigation reviewed City Hall credit card spending, cleared all commissioners except Felder, and found her conduct prosecutable. That is false. No referral was ever made to the GBI, and every official with a duty to ensure oversight— You, the City Attorney, the Mayor, and the Commission—failed to act.

Making false claims about a law enforcement agency while in office is both a possible **criminal violation** and a clear **ethics violation.** Allowing that falsehood to stand, despite months of public notice, makes City Hall complicit.

The public was misled, accountability ignored, and leadership failed. Continued silence will confirm that this misconduct is not Nelson's alone but a cover-up by all of City Hall. And cover-ups have consequences legally.

Respectfully, but without apology,

Martin Gray

7:30



**Nelson Alvin**
Active now

WED 10:58 AM

Giving you a headstart. The Felder trial will start June 16th. It will probably be at the court house.

The GBI concluded several weeks ago that the only credit card violations came from Felder. Her misuse is well over the prosecutional level.
Again, No one else at city hall is in violation.



Gmail    — *Exhibit E- E-7* —    Glenn Gray <mparmycop@gmail.com>

---

## Complaint — City Manager Rayford's Breach of Public Trust & Possible Criminal Conduct

Glenn Gray <mparmycop@gmail.com>                                          Wed, Sep 10 at 07:01
To: anelson@waycrossga.gov <anelson@waycrossga.gov>, cgreen@waycrossga.gov <cgreen@waycrossga.gov>,
kfelder@waycrossga.gov <kfelder@waycrossga.gov>, majames@waycrossga.gov <majames@waycrossga.gov>,
sroberts@waycrossga.gov <sroberts@waycrossga.gov>

Commissioners,

I'm filing this as a formal complaint against City Manager Rayford for his conduct during the November 7, 2024 public ethics hearing (Ethics Case 2024-001). What he did is on video and can't be denied.

At timestamp **27:02–29:09**, Chairperson Shawn Taylor brought up a "recent complaint." Instead of stopping it like he should have, Rayford jumped in with a rehearsed statement about a "hostile work environment" and then added: *"I think you got one or some."*

That's not him being surprised — that's him being ready for it. He knew what was being brought in, and his words make it clear he knew there was more than one document floating around. This wasn't impartial. It was coordinated.

Here's what was actually pushed into that hearing:

- An **unsigned** "affidavit."
- **Not sworn** by anybody.
- **Improperly notarized** by Assistant City Clerk Marquis Nixon.
- **Never filed** or entered into the case record.
- And the kicker — it was a **personnel matter involving one of you as commissioners,** who by law are his governing authority. He basically tried to drag his own boss through the mud in the middle of an already suspicious ethics case.

That affidavit wasn't evidence. It was junk paper. And worse than that, it was a **personnel issue.** By law, personnel issues are handled in executive session — not in public, and damn sure not in the middle of an unrelated ethics case. Bringing it out like that broke the rules and **laws were violated.**

To be clear:

- Georgia law **(O.C.G.A. § 50-14-3(b)(2))** says personnel matters belong in executive session. Violating the Open Meetings Act can bring penalties under **§ 50-14-6.**

Georgia notary law (**O.C.G.A. §§ 45-17-8(d), 45-17-20**) says a notary can't sign off on something that isn't sworn or signed. Yet Nixon did exactly that. Every notary in this state is trained that the signer has to appear in person. He knew better.

- The Georgia Municipal Association's "City of Ethics" principles say city leaders are supposed to: serve others, use resources responsibly, treat people fairly, use their office for the well-being of the public, and act with honesty and integrity. Rayford's actions broke every one of those.

So here's the bottom line:

- Rayford let a **personnel issue** be dragged into a public ethics case where it didn't belong.
- He gave weight to a bogus, unsigned, improperly notarized affidavit.
- **Laws were broken. Public trust was broken.**

This email serves as official notice to you — his governing body — on two fronts:

1. City Manager Rayford's breach of trust and unlawful conduct during Ethics Case 2024-001.
2. Assistant City Clerk Marquis Nixon's misconduct in notarizing and passing along an unsigned affidavit.

The video is public. The record is permanent. The people of Waycross aren't blind.

**You are on notice,**
Glenn Martin Gray

*Exhibit E    E-3*

**Gmail**                                                      Glenn Gray <mparmycop@gmail.com>

## Demand for Legal Basis of Open Records Act Violations

**Glenn Gray** <mparmycop@gmail.com>                          Thu, Sep 11, 2025 at 11:48 AM
To: Ulysses Rayford <urayford@waycrossga.gov>, "anelson@waycrossga.gov" <anelson@waycrossga.gov>,
"kfelder@waycrossga.gov" <kfelder@waycrossga.gov>, "majames@waycrossga.gov" <majames@waycrossga.gov>,
"sroberts@waycrossga.gov" <sroberts@waycrossga.gov>

On August 18, 2025, I officially submitted two open records requests. I did not receive any response until August 27, nine days later. This is a direct violation of the Georgia Open Records (Sunshine) Laws, which require a response within three business days. I am demanding that the City provide me with the **specific legal authority** being relied upon that permits such a delay.

On August 27, 2025, I also submitted a written dispute of the charges assessed by the clerk. To date, I have received no response at all. I am likewise demanding that the City provide me with the **specific legal authority** being relied upon that permits ignoring my dispute for over two weeks.

These are two separate and clear violations of state law unless exact statutory provisions exist that justify them. If no such provisions exist, then the City's conduct is unlawful. In that case, I will refer both matters to the Georgia Attorney General's office for enforcement.

I expect a prompt and complete response from the City leadership.

Glenn Martin Gray

*Exhibit E    E-4*

Gmail

**Glenn Gray <mparmycop@gmail.com>**

---

**Ethics Complaint Filed on Sept 8, 2024**

**Glenn Gray** <mparmycop@gmail.com>                                                        Sun, Sep 14, 2025 at 11:24 AM
To: Ulysses Rayford <urayford@waycrossga.gov>, "kfelder@waycrossga.gov" <kfelder@waycrossga.gov>,
"majames@waycrossga.gov" <majames@waycrossga.gov>, "sroberts@waycrossga.gov" <sroberts@waycrossga.gov>

I filed an official ethics complaint regarding Commissioner Alvin Nelson and the demonstrably false claim he made when he stated that the GBI was investigating all city credit cards and had determined that only Commissioner Felder misused hers. That statement was not only misleading to the public, there was or is no submitted referral.

What troubles me deeply is that, despite this being a properly filed ethics complaint, I have not been contacted in any capacity regarding its status or next steps. This raises legitimate concerns about whether my complaint has been deliberately stalled or ignored, and whether the commission is meeting its obligations under the City Charter, the Code of Ordinances, and the Georgia Municipal Association standards of ethics and accountability.

Has this complaint been formally placed on the record and discussed among the commission? If so, when and where? If not, why has there been no movement? I am demanding that the City of Waycross cite the precise legal authority it is relying on to justify any delay in the processing, hearing, or acknowledgment of my complaint. Silence, delay, or selective handling of ethics complaints undermines public trust and raises the appearance of intentional obstruction.

An ethics process that is applied selectively is no ethics process at all—it becomes a shield for certain officials while being weaponized against others. The citizens of Waycross deserve clarity, transparency, and equal application of the rules. I expect a direct response, grounded in law, not vague assurances.

Martin Gray

Gmail    – *Exhibit E    E-5* –    Glenn Gray <mparmycop@gmail.com>

---

**Official Notification of Misconduct – City Manager Ulysses D. Rayford**

**Glenn Gray** <mparmycop@gmail.com>                                    Mon, Sep 15 at 08:50
To: anelson@waycrossga.gov <anelson@waycrossga.gov>, cgreen@waycrossga.gov <cgreen@waycrossga.gov>,
kfelder@waycrossga.gov <kfelder@waycrossga.gov>, majames@waycrossga.gov <majames@waycrossga.gov>,
sroberts@waycrossga.gov <sroberts@waycrossga.gov>

This communication serves as my **Official Notification of Misconduct** concerning City
Manager Ulysses D. Rayford. What follows is not speculation, opinion, or rumor. These are
verifiable facts supported by dates, emails, and evidence.

——

## Background of Events

1.  **September 9, 2025 – Official Notification Sent**
    I submitted a written notice documenting misconduct by City Clerk Jacqueline
    Powell for withholding public records.
    - That notification included supporting proof.
    - It was sent to the City Attorney, Mayor, all Commissioners, and City
      Manager Rayford.
    - At that point, Mr. Rayford had one clear duty: **document it, preserve
      it, and ensure it was forwarded to proper authorities.**
2.  **September 10, 2025 – Rayford's Written Response**
    Rather than follow that duty, Mr. Rayford:
    - Claimed all records had already been provided — false.
    - Claimed the records were "made available through the Ethics Board"
      — irrelevant and misleading, since the case he cited involved another
      commissioner.
    - Asserted that Clerk Powell had "exercised due diligence" —
      contradicted by proof of omissions.
    - Unilaterally declared: *"I consider this matter closed."*

——

## Why This Is Misconduct

- **Misrepresentation:** Mr. Rayford knowingly made false statements in an
  official response.
- **Obstruction:** He intercepted a citizen's formal allegation and deliberately
  prevented it from reaching proper review.

**Abuse of Authority:** He has no legal or charter authority to declare a criminal allegation "closed," yet he did exactly that.

This was not poor judgment. It was a calculated decision to mislead city leadership, shield a colleague, and bury the matter.

––––

## Impact on the Governing Body

By doing this, Mr. Rayford:
- Denied the Mayor and Commissioners an accurate record of my allegation.
- Misled leadership into believing the matter had been resolved.
- Acted outside the scope of his role and authority, damaging public trust.

No member of this body can now claim ignorance. You were all placed on notice on September 9. You were all misled by Rayford's September 10 response. And you are all receiving this notification today, which removes any question of who knew what and when.

––––

## What He Should Have Done

The correct course of action was simple:
- Receive the allegation.
- Log and preserve it.
- Escalate it to law enforcement or the governing body.

Instead, he chose to misrepresent, obstruct, and exceed his authority.

––––

## Required Acknowledgment

This is not a request for debate — it is notice. As elected and appointed officials, you now have a responsibility to:
1. **Acknowledge receipt of this notification.**
2. **Clarify, on the record, whether the City Manager has authority to unilaterally declare a citizen's criminal allegation "closed."**

**3. Outline what process this governing body will follow to ensure such obstruction does not occur again.**

———

## Closing

Mr. Rayford was not a bystander. He was a direct recipient of a citizen's criminal allegation. Instead of acting transparently, he lied, obstructed, and attempted to bury it. That is misconduct — plain and simple.

This notification ensures that none of you can say you did not know. The matter is now formally documented on the record with all of city leadership. The citizens of Waycross deserve nothing less than full accountability.

Respectfully,

**Glenn "Martin" Gray**
1304 Shawnee Dr.
Waycross, GA 31501
(603) 331-3721
mparmycop@gmail.com

Gmail

*– Exhibit E    E-5  –*

Glenn Gray <mparmycop@gmail.com>

---

## Official Notification of Misconduct – City Manager Ulysses D. Rayford

**Glenn Gray** <mparmycop@gmail.com>                                          Mon, Sep 15 at 08:50
To: anelson@waycrossga.gov <anelson@waycrossga.gov>, cgreen@waycrossga.gov <cgreen@waycrossga.gov>,
kfelder@waycrossga.gov <kfelder@waycrossga.gov>, majames@waycrossga.gov <majames@waycrossga.gov>,
sroberts@waycrossga.gov <sroberts@waycrossga.gov>

This communication serves as my **Official Notification of Misconduct** concerning City
Manager Ulysses D. Rayford. What follows is not speculation, opinion, or rumor. These are
verifiable facts supported by dates, emails, and evidence.

----

### Background of Events

1. **September 9, 2025 – Official Notification Sent**
   I submitted a written notice documenting misconduct by City Clerk Jacqueline
   Powell for withholding public records.
   - That notification included supporting proof.
   - It was sent to the City Attorney, Mayor, all Commissioners, and City
     Manager Rayford.
   - At that point, Mr. Rayford had one clear duty: **document it, preserve
     it, and ensure it was forwarded to proper authorities.**
2. **September 10, 2025 – Rayford's Written Response**
   Rather than follow that duty, Mr. Rayford:
   - Claimed all records had already been provided — false.
   - Claimed the records were "made available through the Ethics Board"
     — irrelevant and misleading, since the case he cited involved another
     commissioner.
   - Asserted that Clerk Powell had "exercised due diligence" —
     contradicted by proof of omissions.
   - Unilaterally declared: *"I consider this matter closed."*

----

### Why This Is Misconduct

- **Misrepresentation:** Mr. Rayford knowingly made false statements in an
  official response.
- **Obstruction:** He intercepted a citizen's formal allegation and deliberately
  prevented it from reaching proper review.

**Abuse of Authority:** He has no legal or charter authority to declare a criminal allegation "closed," yet he did exactly that.

This was not poor judgment. It was a calculated decision to mislead city leadership, shield a colleague, and bury the matter.

——

## Impact on the Governing Body

By doing this, Mr. Rayford:
- Denied the Mayor and Commissioners an accurate record of my allegation.
- Misled leadership into believing the matter had been resolved.
- Acted outside the scope of his role and authority, damaging public trust.

No member of this body can now claim ignorance. You were all placed on notice on September 9. You were all misled by Rayford's September 10 response. And you are all receiving this notification today, which removes any question of who knew what and when.

——

## What He Should Have Done

The correct course of action was simple:
- Receive the allegation.
- Log and preserve it.
- Escalate it to law enforcement or the governing body.

Instead, he chose to misrepresent, obstruct, and exceed his authority.

——

## Required Acknowledgment

This is not a request for debate — it is notice. As elected and appointed officials, you now have a responsibility to:
1. **Acknowledge receipt of this notification.**
2. **Clarify, on the record, whether the City Manager has authority to unilaterally declare a citizen's criminal allegation "closed."**

**3.  Outline what process this governing body will follow to ensure such obstruction does not occur again.**

_____

## Closing

Mr. Rayford was not a bystander. He was a direct recipient of a citizen's criminal allegation. Instead of acting transparently, he lied, obstructed, and attempted to bury it. That is misconduct — plain and simple.

This notification ensures that none of you can say you did not know. The matter is now formally documented on the record with all of city leadership. The citizens of Waycross deserve nothing less than full accountability.

Respectfully,

**Glenn "Martin" Gray**
1304 Shawnee Dr.
Waycross, GA 31501
(603) 331-3721
mparmycop@gmail.com

*Exhibit E    E-6*

Gmail

**Glenn Gray <mparmycop@gmail.com>**

## Formal Demand for Professional Accountability and Immediate Apology

**Glenn Gray <mparmycop@gmail.com>**                                    Mon, Oct 20, 2025 at 9:39 PM
To: Ulysses Rayford <urayford@waycrossga.gov>
Cc: "anelson@waycrossga.gov" <anelson@waycrossga.gov>, "cgreen@waycrossga.gov" <cgreen@waycrossga.gov>,
"kfelder@waycrossga.gov" <kfelder@waycrossga.gov>, "majames@waycrossga.gov" <majames@waycrossga.gov>,
"sbennett@waycrossga.gov" <sbennett@waycrossga.gov>, "sroberts@waycrossga.gov" <sroberts@waycrossga.gov>

Tonight, prior to the City Commission meeting, while waiting for the Clerk to return so I could sign up to speak, I addressed you directly with a respectful greeting while you sat near the podium. You refused to so much as look me in the eye or return that courtesy.

Let me be absolutely clear — I will not tolerate blatant disrespect from any public official, least of all from someone entrusted with the position of City Manager. Your title exists to serve the citizens of Waycross, not to place yourself above them. When I extend professional respect, I expect it returned — immediately and without exception.

Your conduct tonight was unbecoming of your office and a direct reflection of the leadership tone you set inside City Hall. It was not simply rude — it was a public display of arrogance and a violation of the basic decorum expected of a city official representing this community.

I am demanding a formal written apology and an assurance that such unprofessional behavior will never occur again. You are accountable to the citizens of this city — and I am one of them. Consider this notice that I will not allow dismissive or disrespectful behavior from a public servant to go unanswered.

Respectfully,
**Glenn M. Gray**
Waycross, Georgia

*Exhibit E    E-8*

Gmail                                                                                    **Glenn Gray <mparmycop@gmail.com>**

## Conflict of Interest – Attorney Huey Spearman
5 messages

**Glenn Gray <mparmycop@gmail.com>**                                   Fri, Oct 24, 2025 at 6:24 AM
To: "cgreen@waycrossga.gov" <cgreen@waycrossga.gov>

Dear Attorney Green,

I am writing to formally notify you of a disqualifying conflict of interest involving Attorney Huey
Spearman and Commissioner Alvin Nelson.
Public records confirm that Mr. Spearman serves as the registered agent for Usfour, LLC, a business
owned by Commissioner Nelson, while also performing or consulting on legal work for the City of
Waycross. This dual role violates:

• **Georgia Rules of Professional Conduct**: Rule 1.7 (Conflict of Interest) and Rule 1.11 (Successive
Government and Private Employment);
• **O.C.G.A. § 45-10-3(7)**: Prohibiting public officers or employees from engaging in business with
their agency; and
• **Waycross Charter § 2-167(d)**: Barring city officers or employees from holding interests that impair
independent judgment or create an appearance of influence.

Mr. Spearman's failure to withdraw from city-related legal work upon Commissioner Nelson's re-
election reflects a serious ethical lapse. This ongoing conflict undermines the impartiality owed to the
city and erodes public trust.
I request that your office:

　　　　1. Terminate all legal or consulting services provided by Mr. Spearman for the City of
　　　　Waycross; and
　　　　2. Review whether his role with Commissioner Nelson warrants removal, disbarment, or
　　　　referral to the State Bar of Georgia.

Today, I will be submitting a separate complaint with supporting documentation to the Georgia State
Bar, and any response or nonresponse from your office will be included as an addendum.

The citizens of Waycross deserve ethical governance free from divided loyalties. I urge prompt action
to address this matter.

Sincerely,
Glenn "Martin" Gray

**Glenn Gray <mparmycop@gmail.com>**                                   Fri, Oct 24, 2025 at 6:25 AM
To: "BWorley68@gmail.com" <BWorley68@gmail.com>, "H. M. (Michael) Hargrove" <hmhargrove@yahoo.com>, Tim
Peacock <timp083160@gmail.com>

*- Exhibit E   E9* -

# Ethics Complaint Against Commissioner Alvin Nelson

Date: September 8, 2025

**Complainant:**
Glenn "Martin" Gray
1304 Shawnee Dr
Waycross, GA 31501
Phone: (603) 331-3721
Email: mparmycop@gmail.com

**Respondent:**
Commissioner Alvin Nelson, District 5

**Subject:** False Public Statement Regarding GBI Involvement in Ethics Case 2024-001

## I. Introduction

This complaint is submitted pursuant to the City of Waycross Code of Ordinances, Section 2-167, and the Georgia Municipal Association's Code of Ethics for Elected Officials. It addresses false statements by Commissioner Alvin Nelson misrepresenting the Georgia Bureau of Investigation's ("GBI") role in Ethics Case 2024-001.

## II. Factual Background

On or about June 2025, Commissioner Alvin Nelson sent a text message (dated Wednesday, 10:58 AM, see attached exhibit) stating: "The GBI concluded several weeks ago that the only credit card violations came from Felder. Her misuse is well over the prosecutorial level. Again, no one else at city hall is in violation."

This statement was false. The Waycross City Commission voted to accept a GBI referral on January 7, 2025, but the referral was never sent, meaning no GBI review or conclusion has occurred for Ethics Case 2024-001.

Nelson's false statement, made via a public communication channel, sought to sway public opinion by invoking the GBI's authority, falsely suggesting a neutral investigation cleared all other commissioners and staff.

This public accusation has caused potential harm to Commissioner Felder's reputation by labeling her as the sole violator without evidence, exposing her to undue scrutiny and defamation.

## III. Ethical Violations

Misrepresentation and Deception: Knowingly claiming a non-existent GBI conclusion misled the public.

Breach of Public Trust: Misusing a state agency's authority to spread falsehoods erodes confidence in local government and law enforcement.

Improper Influence on Public Opinion: As a commissioner, his statements carry weight, and their misuse damages the office's integrity.

Violation of Waycross Ordinance § 2-167(d): Requires commissioners to uphold honesty, integrity, and impartiality.

Violation of GMA Code of Ethics: Mandates truthfulness, fostering public confidence, and avoiding conduct that undermines trust.

## IV. Relief Requested

Public Censure of Commissioner Nelson for knowingly making false statements about GBI involvement.

Mandatory Public Apology at a City Commission meeting, explicitly stating he "lied" to the public: Must use "lie" or "lied," avoiding diluted substitutes such as "misled" or "misunderstood."

Formal Referral to the GBI to investigate potential violations of: OCGA § 16-10-20 (False Statements and Writings); OCGA § 16-10-23 (Impersonating a Public Officer or Agency by invoking GBI authority). Such referral would allow an independent agency to determine intent and assess possible criminal liability.

## V. Conclusion

Commissioner Alvin Nelson knowingly misrepresented a GBI investigation that never occurred, damaging public trust in both local government and the GBI. His false accusation against Commissioner Felder further harmed her reputation. Public censure, a direct apology, and a GBI referral are necessary steps to restore transparency, accountability, and credibility in Waycross governance.

Submitted by:

Glenn "Martin" Gray
1304 Shawnee Dr
Waycross, GA 31501
Phone: (603) 331-3721
Email: mparmycop@gmail.com



7:30 🔕 

 **Nelson Alvin**
Active now

WED 10:58 AM

Giving you a headstart. The Felder
trial will start June 16th. It will
probably be at the court house.

The GBI concluded several weeks
ago that the only credit card
violations came from Felder. Her
misuse is well over the prosecutional
level.
Again,  No one else at city hall is
in violation.



---

## Formal Notice – Verified Misconduct by City Manager Rayford / Failure of Legal Duty by City Attorney

---

**Glenn Gray <mparmycop@gmail.com>**                              Mon, Oct 27 at 08:11
To: cgreen@waycrossga.gov <cgreen@waycrossga.gov>

**Attorney Green,**

This email serves as **formal notice** that you are now **personally responsible** for addressing verified misconduct by **City Manager Rayford** during **Ethics Case 2024-001**.
The evidence is irrefutable — it's on **public video** and supported by **documented records**.

At timestamp **27:02 – 29:09** of the **November 7, 2024 Ethics Hearing**, Chairperson Shawn Taylor referenced a "recent complaint."

Rather than remain neutral, **Rayford inserted himself**, delivering a rehearsed statement about a *"hostile work environment,"* and then said, *"I think you got one or some."*

That comment is an **on-record admission** that **the Ethics Board had received, or was given access to, confidential personnel documentation** — documentation that was **never authorized for released** and falls under **protected personnel records** as defined by Georgia law.
Rayford's own words confirm that someone within City Hall, **with his knowledge or participation**, provided **unauthorized personnel information** to the Ethics Board.

What was introduced and discussed publicly was a **bogus, unsigned, unsworn affidavit, improperly notarized by former Assistant City Clerk Marquis Nixon**, and **never filed or entered into the record**.
By law, that document was **not evidence** — it was **invalid on its face**.
Its use in a public hearing involving a personnel issue violated multiple provisions of law, including:

• **O.C.G.A. § 50-14-3(b)(2)** – Personnel matters must be handled in executive session.
• **O.C.G.A. §§ 45-17-8(d), 45-17-20** – A notary cannot notarize an unsigned or unsworn document.
• **O.C.G.A. § 50-18-72(a)(8)** – Personnel records are confidential and may not be disclosed without lawful authority.
• **City of Waycross Charter § 2-167(d)** – City officers must conduct themselves ethically

Rayford's actions were **intentional, coordinated**, and **recorded**.
They violated state law, breached public trust, and tainted an active ethics case.

You, as **City Attorney**, were copied on my **September 10, 2025** complaint outlining these facts. Since that date, your office has provided **no acknowledgment, no investigation, and no corrective action.**

Under **Rule 1.13 of the Georgia Rules of Professional Conduct**, your client is **the City of Waycross**, not the individual officeholders.
When credible evidence of illegality or misconduct is presented, you are obligated to act in the best interest of the entity.
Your continued silence now constitutes **neglect of professional duty** and **active participation in concealment** by omission.

To be clear:
1.    **City Manager Rayford's unlawful conduct** during Ethics Case 2024-001 is publicly recorded and verifiable.
2.    **Former Assistant City Clerk Marquis Nixon's notarization of an unsigned, unsworn affidavit** was a direct violation of Georgia notary law.
3.    **Rayford's admission ("I think you got one or some")** proves the Ethics Board received unauthorized personnel documentation — a direct breach of state confidentiality law.

The evidence exists. The timestamps are public. The violations are undeniable.
Failure to take immediate action will establish a documented pattern of **willful inaction and breach of your ethical obligations**, which will be forwarded to the **State Bar of Georgia** for review under Rule 1.13.

**If I do not receive a written response within seven (7) days of this email, I will file a formal grievance with the Georgia State Bar.**

This is not a request — it is formal notice.
The record shows what happened. What remains to be seen is whether the **City Attorney** will uphold the law or continue to protect those who violated it.

**You are officially on notice.**

Respectfully,

*– Exhibit G* –

## IN THE MAGISTRATE COURT OF WARE COUNTY
## STATE OF GEORGIA

To:  MARTIN GLENN GRAY        )    Case #: 2025-216PW
     1304 SHAWNEE DR        )    Charge: HARASSING PHONE CALLS
     WAYCROSS GA 31501      )
                          )    Prewarrant Application

### PRE-WARRANT HEARING NOTICE

BE IT KNOWN THAT: ULYSSES DUKANE RAYFORD has applied to this court for a criminal warrant for your arrest. NO WARRANT HAS BEEN ISSUED AT THIS TIME; however, a hearing to determine if probable cause exists for a warrant to issue will be held by this court on:

**November 18, 2025 at 09:00 AM ; 310 ALBANY AVE, WAYCROSS, GA 31501.**

At the scheduled hearing, each party may present evidence, call witnesses, explain their conduct, offer defense, propose resolutions and cross-examine each witness called by the other party. If there are witnesses, you may bring them to the hearing. If you need subpoenas to compel the appearance of a witness, please contact the Magistrate Court for assistance.

You may be represented at the hearing by an attorney or you may proceed without an attorney. The Court will decide whether there is probable cause for a criminal arrest warrant to issue. Failure of either party to appear at the hearing could result in the Court making a decision without the information/explanation of the absent party.

SO ORDERED this 27 day of October , 20 25.

***BE IT KNOWN THAT ANY CONTACT BETWEEN EITHER PARTY COULD RESULT IN A WARRANT TO BE ISSUED***

_____
Judge-Magistrate Court of Ware County

_____
Deputy Clerk

# MAGISTRATE COURT OF WARE COUNTY - APPLICATION FOR CRIMINAL WARRANT

**INFORMATION ABOUT YOU:**

**WARRANT #** 2025-216PW

**NAME** Ulysses Dukane Rayford

**ADDRESS** 417 Pendleton Street
Street

Waycross          GA          31502
City          State          Zip

**Home phone** 706-231-2604    **Work phone**

**Where do you work?** City of Waycross

**What do you do?** City Manager

**THIS PERSON WILL KNOW HOW TO REACH ME:** **Name** Robin Brooking    **Home Phone**
**Address** 417 Pendleton Street    **Work Phone** 912-287-2912

## I AM MAKING A COMPLAINT AGAINST THIS PERSON:

**NAME** Glenn Martin Gray    **Home phone** 603-331-3721

**ADDRESS** 1304 Shawnee Drive Waycross GA    **Work phone**

**Other Address** 31501    **LICENSE #** ___ **SOC. SEC.#**

**Race** W    **Sex** M    **Weight** ___ **Age**

**Height** ___ **Weight** ___

**THIS PERSON LIVES IN** Waycross / Ware **COUNTY**    **Beard?** ☐ Yes ☐ No    **Moustache?** ☐ Yes ☐ No

**He/She works for** ___    **Hair Color?** ___ **Date of Birth**

**Work address** ___    **Scars?**

**WHERE DID THIS INCIDENT TAKE PLACE?** City Hall /online    **NICK NAME**

**DATE & TIME OF OCCURRENCE:** multiple 1/1/2024 + on going

**DO YOU WISH TO BE NOTIFIED OF THE DEFENDANTS ARREST** ___ **OF DEFENDANTS RELEASE**

**Car/truck/van or motorcycle:** . **What kind?** ___ **color of motor vehicle** ___ **Ga. Tag?** ___ **Tag No.** ___ **Year**

**HOW DO YOU KNOW THIS PERSON?**

**WHAT DID THIS PERSON DO?**

Mr. Gray has repeatedly disseminated demonstrably false statements regarding my position as City Manager of Waycross, GA. These statements have escalated to direct threats and inflammatory rhetoric that endanger the safety of city staff and the public. The City takes threats of violence seriously and will act decisively to protect employees.

**WITNESS:**
**NAME:** ___    **NAME:** ___
**ADDRESS:** ___    **ADDRESS:** ___

FILED IN
WARE COUNTY MAGISTRATE COURT
THIS 27 DAY OF
October
2025
___ mo
Clerk

I DO SOLEMNLY SWEAR (OR AFFIRM) THAT ALL INFORMATION CONTAINED IN THIS APPLICATION FOR A CRIMINAL WARRANT IS TRUE AND CORRECT. *SIGN THIS NOW.*

Sworn to and subscribed to before me
this 27 day of October, 2025
Mary R. O'Bryant

X _Ulysses P R_    27 Nov 2025
Your Signature    Today's Date

**DO NOT WRITE BELOW SOLID LINE/FOR COURT USE ONLY**

___ Warrant issued    ___ Warrant denied    PC ISSUED    REPORT #

**Visible injuries:**
**Offense(s)** Harassing Communications    OCGA §
    OCGA §

**Warrant language and/or other comments:** ___    Paid $ 20 -    Rec # 347469
    Hearing: Nov. 18, 2025    9 Am

Hebardville Printing, Inc.

*Exhibit H*

**MAGISTRATE COURT OF WARE COUNTY**

STATE OF GEORGIA – CITY OF WAYCROSS

**Case No. 2025-216PW**

**ADA ACCOMMODATION DEMAND FOR COURT PROCEEDINGS**

**(Title II – Americans with Disabilities Act)**
*This ADA filing is separate and independent from any motion pending before the Court.*

**To:**
Magistrate Court of Ware County – Court ADA/504 Coordinator
Ware County ADA/504 Coordinator

**From:**
**Glenn Martin Gray**
1304 Shawnee Dr
Waycross, GA 31501
(603) 331-3721
mparmycop@gmail.com



## I. INTRODUCTION & LEGAL AUTHORITY

This is a **formal demand for ADA accommodations** under **Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.)** and its implementing regulations (**28 C.F.R. Part 35**). Title II applies to **all state and local courts.** I am an individual with a **documented, service-connected disability** covered under the ADA and I am entitled to full and equal access to all court proceedings.

This demand applies to **all hearings, proceedings, appearances, conferences, or judicial interactions** connected to the above-referenced case, as well as any future related proceedings.

## II. MANDATORY ADA COMPLIANCE OBLIGATIONS OF THE COURT

Under **28 C.F.R. § 35.130(b)(7)**, the Court **must make reasonable modifications** to avoid disability-based discrimination.
Under **28 C.F.R. §§ 35.149–35.150**, access must be provided in the most integrated and appropriate setting.
Under **28 C.F.R. § 35.134**, retaliation, coercion, intimidation, or interference with ADA rights is strictly prohibited.

Only a **properly designated ADA/504 Coordinator** may respond to ADA accommodation requests. Any attempt by an unauthorized individual to deny, alter, or interfere with ADA accommodation constitutes an ADA violation.

For the ADA record, it is noted that a prior ADA accommodation request submitted to the City of Waycross was **improperly denied by City Attorney Green,** who lacked legal authority to process or deny ADA filings. This demand is submitted to the Court and County ADA Coordinator to avoid any further unauthorized interference.

## III. REQUIRED ADA ACCOMMODATIONS FOR COURT PROCEEDINGS

The following accommodations are required to ensure equal, safe, and meaningful access to the judicial process:

1. **No interruptions while I am speaking** unless I violate lawful decorum.

2. **Additional time to speak or respond** when needed due to symptom onset.

3. **Remote or hybrid appearance option** if symptoms significantly impair in-person participation.

4. **No individuals positioned directly behind me** while I am seated or speaking.

5. **Option to provide statements, arguments, or responses in writing** when needed.

6. **Ability to request brief recesses** if symptoms are triggered.

7. **Limitation of raised voices, confrontational, or aggressive communication styles** toward me during proceedings.

8. **Seating accommodation** allowing a clear view of room entrances and exits.

9. **No close or unnecessary physical proximity by law enforcement or court personnel,** unless required for immediate safety.

10. **Permission for a support person to be present** for stability (non-legal assistance).

11. **Advance access to evidence or materials to be presented** when possible, to avoid symptom escalation from surprise exposure.

12. **Avoidance of sudden loud commands or unexpected physical directives,** unless required for safety.

These accommodations are reasonable, commonly granted for veterans with PTSD-related disabilities, and fully compliant with federal law.

## IV. FORBIDDEN CONDUCT & NON-RETALIATION NOTICE

Any attempt to deny, ignore, interfere with, or retaliate against me for asserting these ADA rights constitutes a violation of:

- **42 U.S.C. § 12203 (ADA Retaliation)**

- ○ **28 C.F.R. § 35.134 (Coercion/Interference Prohibited)**

Any such violation will be documented and may be referred to the **U.S. Department of Justice Civil Rights Division**, the **Georgia Attorney General – Civil Rights Division** and may form the basis of a civil action under **42 U.S.C. § 1983**.

## V. REQUIRED WRITTEN RESPONSE

A written response acknowledging and confirming these ADA accommodation is required **within seven (7) business days** of receipt of this demand.

The written response must include:

1. **The name, title, and contact information of the Court's officially designated ADA/504 Coordinator**, along with verification of their designation and authority to respond to ADA accommodation requests under 28 C.F.R. § 35.107; and

2. Confirmation of each accommodation listed in Section III.

If any accommodation is denied in whole or in part, the written response **must cite the specific ADA regulation** permitting such denial. Failure to do so will be treated as an unlawful denial.

Only the **Court's ADA/504 Coordinator** may respond. Any response, interference, or attempted denial by any other party will be treated as a violation of **28 C.F.R. §§ 35.130 & 35.134**.

## VI. CONCLUSION

This demand is made to ensure full ADA compliance, equal access to judicial proceedings, and to prevent further mishandling of my ADA rights. I respectfully expect timely written confirmation of the accommodation listed above.

Respectfully submitted this 3rd day of November 2025,

**Glenn Martin Gray**
1304 Shawnee Dr
Waycross, GA 31501
(603) 331-3721
mparmycop@gmail.com

*Exhibit I*

Gmail

**Glenn Gray <mparmycop@gmail.com>**

## Open Records Request

**Glenn Gray <mparmycop@gmail.com>**                                                    Mon, Nov 3, 2025 at 1:39 PM
To: Jacqualine Powell <jpowell@waycrossga.gov>

Please see attached Official Open Records Request

**ORR#3Powell.pdf**
2847K

03 November 2025

VIA EMAIL

Jacqueline Powell

City Clerk, City of Waycross

jpowell@waycrossga.gov

Subject: Open Records Request – Records Underlying City Manager's July 8, 2025 Public Claims

Dear Ms. Powell,

Pursuant to the Georgia Open Records Act, O.C.G.A. § 50-18-70 et seq., I respectfully request copies of the following public records:

This request concerns statements made by City Manager **Ulysses Dukane Rayford** in his official capacity on the "Waycross Georgia City Manager" Facebook page **on or about July 8, 2025 at approximately 7:12 AM**, in which he referenced:

(1) alleged "sexually explicit comments" toward City staff,

(2) alleged "threats of violence" made toward City staff, and

(3) the City's intent to "seek legal action" in such circumstances.

I hereby request the following records:

1. **All records, documents, screenshots, written comments, messages, emails, or other materials constituting or referring to the alleged "sexually explicit comments" toward City staff** as referenced in the above public post.

2. **All records, documents, screenshots, written comments, messages, emails, or other materials constituting or referring to the alleged "threats of violence" toward City staff** as referenced in the above public post.

3. **All internal City communications, including emails, text messages, chats, notes, and memorandums among or between the Office of the City Manager, the City Clerk's Office, and the City Attorney's Office, discussing or relating to the City's intent to "seek legal action" against individuals posting such comments or alleged threats**, from June 1, 2025 through the date of this request.

4. **Any records documenting actions taken by the City in response to the alleged "sexually explicit comments" or "threats of violence,"** including communications with law enforcement, security measures, reporting procedures, incident documentation, or referrals made to any external agency.

5. **A copy of the original text of the July 8, 2025 Facebook post referenced above, including any edits, hidden comments, modified versions, removed content, or screenshots reflecting the post at any time prior to, during, or after publication.**

6. For purposes of this request, the search must include **all references to Glenn "Martin" Gray and any reasonably identifiable reference to me**, including but not limited to: "Glenn Gray," "Glenn M. Gray," "G. Gray," "Martin Gray," "Mr. Gray," "Gray," "the citizen," "the veteran," or any descriptor intended to identify me, whether or not my name was used directly.

7. **Please produce all responsive records in electronic format via email to mparmycop@gmail.com.** If any records exist only in paper form, I request scanned PDF copies.

As you are aware, social media posts made by a public official in their official capacity or relating to City business constitute public records subject to the Georgia Open Records Act.

If you withhold or redact any record, please provide the specific legal authority for each exemption claimed, along with a written privilege or exemption log as required by O.C.G.A. § 50-18-72.

If additional time is required beyond three (3) business days, please provide the written explanation required by O.C.G.A. § 50-18-71(b)(1)(A), along with a time estimate for production. If fees apply, please provide an itemized cost estimate prior to fulfilling the request.

This request is made in good faith and in the interest of transparency and accountability. I reserve all rights to seek enforcement or appeal for non-compliance under O.C.G.A. § 50-18-73.

Respectfully,

Glenn "Martin" Gray

mparmycop@gmail.com

603-331-3721

*Note: Use of a City Open Records Request form is not required, as a request submitted by email satisfies the requirements of O.C.G.A. § 50-18-71(b)(1)(A).*

---

**PRESERVATION, METADATA, AND RECORDS RETENTION NOTICE (LEGAL):**

Upon receipt of this request you are hereby directed to **preserve** all responsive records and all associated metadata, including but not limited to: email headers and full message source, server and mailbox logs, file creation/modification timestamps, audit trails, backup images, chat logs, social-media records, and any archived or deleted copies. This preservation obligation extends to all custodians, including the Office of the City Manager, the City Clerk's Office, the City Attorney's Office, and the City's IT/records custodians.

In addition to the Open Records Act obligations, you are reminded of Georgia records-retention requirements and the duty not to destroy, alter, or conceal public records. If any records responsive to this request have been destroyed, deleted, or altered within the past 12 months, please state so immediately and identify the custodian(s), the date(s) of deletion or alteration, and the circumstances.

Because this request concerns potential governmental action and public safety claims, this communication serves as notice to implement a **litigation hold**: preserve all potentially relevant materials and suspend any routine destruction or overwriting procedures. Failure to preserve responsive records or to produce an accurate privilege/exemption log may subject the City and responsible custodians to statutory enforcement, contempt, and other legal remedies.

Gmail

**Glenn Gray <mparmycop@gmail.com>**

## Open Records Request

**Glenn Gray <mparmycop@gmail.com>**
To: Jacqualine Powell <jpowell@waycrossga.gov>

Mon, Nov 3, 2025 at 12:59 PM

Please see attached Official Open records Request

Martin Gray

**ORR#2Powell.pdf**
1331K

03 November 2025

VIA EMAIL

Jacqueline Powell

City Clerk, City of Waycross

Email: jpowellwaycrossga.gov

Re: Open Records Request – Internal Communications Regarding Glenn "Martin" Gray

Date Range: January 1, 2024 – Present

Dear Ms. Powell,

Pursuant to the Georgia Open Records Act, O.C.G.A. § 50-18-70 et seq., I respectfully request copies of the following public records:

1. Any and all internal communications, including emails, text messages, memorandums, notes, or written correspondence, created or received by the following City offices that reference or pertain to **Glenn "Martin" Gray**, for the period of January 1, 2024 through the date of this request:

  - Office of the City Manager (Ulysses Rayford and staff)

  - Office of the City Clerk (Jacqueline Powell and staff)

  - Office of the City Attorney (including Acting or Assistant City Attorneys)

2. For purposes of this request, "internal communications" includes any communications among City personnel, elected officials, or contracted legal representatives in their official capacity.

3. This request includes communications referring to me by name or any reasonably identifiable reference, including but not limited to:

\*\*"Glenn Gray," "Glenn 'Martin' Gray," "Mr. Gray," "Gray," "citizen," "veteran," or other descriptors clearly referring to me.\*\*

4. As required by the Open Records Act, please produce all responsive records \*\*in electronic format\*\* by email to this address. If any responsive records exist only in paper form, I request scanned PDF copies.

If you believe any portion of this request is exempt from disclosure, please provide the specific legal authority for each exemption claimed, along with a privilege or exemption log describing each withheld record as required under O.C.G.A. § 50-18-72.

If production will require more than three (3) business days, please provide the statutory written explanation, along with a timetable for production, as required by law. If there are any fees associated with production, please provide an itemized estimate prior to fulfilling the request.

If no responsive records exist, please confirm that in writing.

Thank you for your attention. I look forward to your timely compliance.

Respectfully,

Glenn "Martin" Gray

mparmycop@gmail.com

603-331-3721

\*Note: The Georgia Open Records Act does not require the use of a city-created form. This emailed request is legally valid under O.C.G.A. § 50-18-71(b)(1)(A).\*

Gmail                                                          **Glenn Gray <mparmycop@gmail.com>**

## Open Records Request

**Glenn Gray <mparmycop@gmail.com>**                          Mon, Nov 3, 2025 at 12:31 PM
To: Jacqualine Powell <jpowell@waycrossga.gov>

Please see the attached Official Open Records Request

Martin Gray

📄 **PowellORR.pdf**
     1426K

*Emailed 03 Nov. 2025*
*12:31 PM*

03 November 2025

VIA EMAIL

Jacqueline Powell

City Clerk, City of Waycross

Email: jpowell@waycrossga.gov

Re: Open Records Request – Alleged "Death Threat" Incident Involving City Manager Ulysses Rayford (2023)

Dear Ms. Powell,

Pursuant to the Georgia Open Records Act, O.C.G.A. § 50-18-70 et seq., I respectfully request copies of the following public records:

1. A copy of the note, letter, written communication, or document referenced as a "death threat" allegedly received by City Manager Ulysses Rayford in 2023.

2. Any incident reports, police reports, or supplemental reports filed by the City of Waycross, any City employee, or by Mr. Rayford personally regarding this alleged threat.

3. Any 911 call logs, CAD/dispatch entries, or communications with law enforcement related to this incident.

4. Any internal City emails, internal memorandums, or staff reports documenting how the City responded to the alleged threat, including but not limited to notifications made to elected officials or City personnel.

5. Any City Commission meeting minutes, agenda packets, or official video recordings from 2023 through present where this alleged threat was referenced or discussed publicly or internally.

6. Any documentation reflecting security or safety measures taken by the City of Waycross in response to this alleged threat, including communications with the Waycross Police Department, the Ware County Sheriff's Office, or the GBI.

As required by the Open Records Act, please produce all responsive records **in electronic format** and submit them by email to this address. If any records are only available in paper form, I request scanned PDFs or electronic copies. If there are costs associated with production, please provide an itemized cost estimate before fulfilling the request.

If you withhold or redact any record, please provide the specific legal authority for each exemption relied upon, and a description of the withheld material, as required by O.C.G.A. § 50-18-72.

If no responsive records exist, please confirm that in writing.

Thank you for your prompt attention. I look forward to your response within three (3) business days as required by law.

Respectfully submitted,

Glenn "Martin" Gray

mparmycop@gmail.com

603-331-3721

For clarity, please note that the Georgia Open Records Act does not require a requester to use a city-created form in order to make a valid request. A written request submitted by email satisfies the requirements of O.C.G.A. § 50-18-71(b)(1)(A). This request is therefore legally valid and timely submitted, and must be processed in accordance with state law.

*— Exhibit J —*

Gmail

**Glenn Gray <mparmycop@gmail.com>**

---

## Open Records Request

**Jacqualine Powell <jpowell@waycrossga.gov>**                         Thu, Nov 6 at 08:23
To: Glenn Gray <mparmycop@gmail.com>

Mr Grey,

This email is in response to the three (3) open requests submitted by you on November 3, 2025. The estimated time for completing these is November 20th. I will reach out to you regarding any estimated fee/s (if any)

City Clerk

Get Outlook for iOS

---

**From:** Glenn Gray <mparmycop@gmail.com>
**Sent:** Monday, November 3, 2025 1:39:05 PM
**To:** Jacqualine Powell <jpowell@waycrossga.gov>
**Subject:** Open Records Request

[Quoted text hidden]